Laura Lee Andrea HALLMAN, Petitioner,

v.

The COUNTY ELECTION BOARD OF
OKLAHOMA COUNTY, Okla-
homa, et al., Respondents.

No. 46408.

Supreme Court of Oklahoma.

March 13, 1973.

D. C. Thomas, Oklahoma City, for peti-
tioner.

William L. Funk, Asst. Dist. Atty., Okla-
homa City, for respondents.

Sam W. Moore, John A. Green, Okla-
homa City, amicus curiae.

IRWIN, Justice:

Petitioner, Laura Lee Andrea Hallman,
tendered and sought to file with the Re-
spondents, the County Election Board of
Oklahoma County, Oklahoma, a Protest,
Challenge and Objection to the Notifica-
tion and Declaration of Candidacy of
Merle L. McCollum for the Office of City
Councilman, Ward 3, Oklahoma City,
Oklahoma. The tender for filing was
made within the time prescribed by 26 O.
S.1971, § 165a, and the required deposit
was made. Petitioner is a qualified elector
of Ward 3, Oklahoma City, Oklahoma.

Respondents refused to accept for filing
the Protest, Challenge and Objection to the
Notification and Declaration of Candidacy
and refused to set the matter for hearing.

In this original proceeding, Petitioner requests this Court to assume original jurisdiction and to issue a writ of mandamus directing the Respondents to accept for filing the Protest and to proceed in the cause as prescribed by 26 O.S.1971, § 165a.

■ In the exercise of our general superintending control over all Agencies, Commissions and Boards created by law (Article 7, § 4, of the Oklahoma Constitution) we assume original jurisdiction. Writ of Mandamus issued (12 O.S.1971, § 1451) for the following reasons:

11 O.S.1971, § 41a provides:

" * * * The law governing primary elections for the State shall govern in all primaries in cities and towns except where herein otherwise provided. The law governing contests for county office is hereby made specifically applicable to municipal elections."

11 O.S.1971, § 26, provides:

" * * * The law governing contests for county office is hereby made specifically applicable to municipal elections. The provisions of the State election laws governing recounts are hereby specifically made applicable to municipal general and special elections * * *."

11 O.S.1971, § 27, provides that the regular precinct election board for and within cities and incorporated towns shall conduct all elections herein provided for.

11 O.S.1971, § 48, provides:

"Any elector may become a candidate before any political party for its nomination for any office herein specified in any primary election by filing with the county election board not more than fifteen (15) nor less than ten (10) days before the date of such primary, a written notice * * *."

26 O.S.1971, § 165a, provides:

"It shall be the duty of the Election Board with whom *any* notification and declaration is filed to hear and determine all questions and objections that may arise concerning same; and the de-

cision of such Board shall in all cases be final. * * *." (Emphasis ours)

Merle L. McCollum filed his Notification and Declaration of Candidacy for City Councilman, Ward 3, Oklahoma City, Oklahoma, with the Oklahoma County Election Board pursuant to § 48, supra. Although § 26, and § 41a, supra, do not specifically provide that the laws governing objections to notification and declaration of candidacy (§ 165a, supra) for county office are made applicable to municipal elections, when all the election laws are considered together, they may not be construed to mean that there is no authority for challenging the candidacy of a candidate for a municipal office.

■ Under the specific directions of § 165a, supra, it is the duty of the Election Board with whom *any* notification and declaration is filed to hear and determine all questions and objections that may arise concerning same. When this proviso is considered in connection with the statutory provisions that the law governing primary elections for the State shall govern in all primaries in cities and towns except as otherwise provided; and the law governing contests for county offices is made applicable to municipal elections, we can only conclude there is statutory authority for challenging the qualifications of a candidate for a municipal office.

■ The Court recognizes that the filing period for a municipal office is not more than fifteen (15) days nor less than ten (10) days before the date of the primary. Sec. 48, supra. This Court also recognizes that it takes time to conduct proceedings under the provisions of § 165a, supra; and it takes time to prepare for an election. However, the shortness of time should not preclude an election board from determining the qualifications of a candidate for a municipal office.

■ There is no evidence whatsoever that Respondents acted in bad faith when they refused to accept for filing Petitioner's protest, but merely misconstrued our

election laws. However, since Petitioner complied with § 165a, she is entitled to have the Respondents perform their statutory duties.

The Respondents are directed to accept for filing the Protest, Challenge and Objections tendered by Petitioner; and proceed to perform their statutory duties as prescribed by 26 O.S.1971, § 165a.

Since time is of the essence, we can see no legal reason why the parties may not waive any notice as prescribed by § 165a.

Original jurisdiction assumed. Writ of Mandamus issued.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, HODGES, LAVENDER, SIMMS and DOOLIN, JJ., concur.